MEADOWS WYE & CO., INC., ET AL. *v.* UNITED STATES

**No. 6510.**—Invoices dated Staffordshire, England, September 12, 1941, etc. Certified September 23, 1941, etc. Entered at New York, N. Y., November 8, 1941, etc. Entry No. 723534, etc.

(Decided November 14, 1946)

*Jordan & Klingaman* for the plaintiffs.
*Paul P. Rao*, Assistant Attorney General, for the defendant.

OLIVER, Presiding Judge: The appeals for reappraisement listed in schedule A, hereto attached and made a part hereof, have been submitted for decision upon the following stipulation of counsel for the parties hereto:
(Stipulation omitted.)
On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that such values are the appraised values, less the additions made by the importers on entry because of advances by the appraiser in similar cases.
Judgment will be rendered accordingly.

THEO. H. DAVIES & CO., LTD. *v.* UNITED STATES

**No. 6511.**—Invoices dated Huddersfield, England, June 5, 1941, etc. Certified July 3, 1941, etc. Entered at Honolulu, T. H., September 10, 1941, etc. Entry No. 386, etc.

(Decided November 14, 1946)

*Lawrence, Tuttle & Harper* (*George R. Tuttle* of counsel) for the plaintiff.
*Paul P. Rao*, Assistant Attorney General, for the defendant.

OLIVER, Presiding Judge: The appeals for reappraisement listed in schedule A, hereto attached and made a part hereof, have been submitted for decision upon the following stipulation of counsel for the parties hereto:
(Stipulation omitted.)
On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that such values are the appraised values, less the additions made by the importer on entry because of advances by the appraiser in similar cases.
Judgment will be rendered accordingly.